Citation Nr: 1730444 
Decision Date: 07/04/17 Archive Date: 08/09/17

DOCKET NO. 10-48 078 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUES

1. Entitlement to a disability rating in excess of 50 percent for posttraumatic stress disorder (PTSD).

2. Entitlement to a total disability rating based on individual unemployability (TDIU).


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESSES AT HEARING ON APPEAL

Veteran and his spouse



ATTORNEY FOR THE BOARD

K. Mitchell, Associate Counsel


INTRODUCTION

The Veteran served on active duty from February 1970 to January 1972.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a December 2009 decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

The Veteran and his spouse testified at a travel board hearing before the undersigned in January 2012. A transcript of the hearing is associated with the claims folder. 

In May 2014 and March 2016, the Board remanded the claim for further development to include VA examinations and Social Security records. The claim has been returned to the Board for further appellate review.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In an April 3, 2017 statement in support of claim, the Veteran requested to be scheduled for a Decision Review Office (DRO) hearing for the issues of entitlement to a disability rating in excess of 50 percent for PTSD and entitlement to TDIU. There is no evidence in the claims file that the Veteran was scheduled for the requested hearing. Therefore, on remand, the Veteran should be scheduled for the requested DRO hearing. 38 C.F.R. § 20.1507 (a)(2) (2015).

Accordingly, the case is REMANDED for the following action:

1. Obtain and associate with the claims file any outstanding VA treatment records that are not already associated with the claims file.

2. Schedule the Veteran for a hearing before a DRO.

3. After undertaking any other development deemed appropriate, the AOJ should re-adjudicate the issues on appeal. If the determination remains unfavorable to the Veteran, he and his representative should be provided with a supplemental statement of the case (SSOC) that addresses all relevant actions taken on the claim for benefits, to include a summary of the evidence and applicable law and regulations considered, and he should be given an opportunity to respond to the SSOC prior to returning the case to the Board for further review.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
THOMAS H. O'SHAY
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).